UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DAVID SCOTT BRANAGIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00236-JPH-MG |
| | ) | |
| SHERIFF STOCKHOLM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Complaint and Directing Filing of Amended Complaint**

Plaintiff David Scott Branagin is a prisoner currently incarcerated at Robinson Correctional Center in Robinson, Illinois. He filed this civil action alleging that his rights were violated when he was at Putnam County Jail in Putnam County, Indiana. Dkt. 1. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Branagin's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Mr. Branagin names as defendants: (1) Sheriff Stockholm; and (2) "Staff and Medical of Putnam County Jail." Dkt. 1 at 1.

Mr. Branagin was housed at Putnam County Jail ("the Jail") as a pretrial detainee. *Id.* at 2. In March 2024, Mr. Branagin entered the Jail. *Id.* at 3. Mr. Branagin was on Suboxone and in a "MAT" program, which the Court understands to refer to a Medication-Assisted Treatment program, and he was placed in the program when he entered the Jail. *Id.* One week later, jail employees issued him a conduct report for possession of drugs after they found a substance in his cell area. *Id.* Mr. Branagin was found not guilty of this charge. *Id.*

Mr. Branagin then requested to restart his medication and to be entered back into the MAT program. *Id.* at 3-4. He was informed by "medical" that "staff" had to give the medication back to him after the conduct report, but he was told by "staff" that it was a "medical issue." *Id.* at 4. Mr. Branagin did not receive his

medication for the next 34 days and was not referred to see a doctor. *Id.* He states that when he was without his medication, he could not sleep, which is a withdrawal symptom. *Id.* at 4.

Mr. Branagin seeks to pursue claims related to the denial of adequate medical care, and seeks monetary and injunctive relief. *Id.* at 2.

**III. Dismissal of Complaint**

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

The constitutional provision implicated by Mr. Branigan's medical claims as a pretrial detainee is the Fourteenth Amendment. A Fourteenth Amendment claim related to denial of medical care must establish that officials acted in an "objectively unreasonable" way to a serious medical need. *Miranda v. County of Lake*, 900 F.3d 335, 350-51 (7th Cir. 2018). Additionally, a plaintiff seeking damages from a governmental official under 42 U.S.C. § 1983 must establish not only a violation of a constitutional right, "but also that the violation caused the plaintiff injury or damages." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019).

First, no claim may proceed against Sheriff Stockholm because "[l]iability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "[I]ndividual liability under § 1983 . . . requires personal

involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Mr. Branagin does not allege that Sheriff Stockholm was personally involved in whether he could participate in the MAT program. Thus, the claims against him are **dismissed**.

Second, claims against the unnamed jail and medical staff are **dismissed** because "it is pointless to include an anonymous defendant in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (cleaned up). *See also Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (Plaintiff used "John Doe" placeholders in original complaint, then amended after learning defendants' names, but amendments did not relate back because "suing a John Doe defendant is a conscious choice, not an inadvertent error."). Mr. Branagin's complaint does not identify any specific individual that caused him harm; instead, he refers to the jail medical and correctional staff collectively, making it unclear if any specific individual was aware of a serious medical need that he had and acted in an objectively unreasonable manner.

Further, Mr. Branagin does not explain what injury he suffered from not being allowed to participate in the MAT program. While Mr. Branagin stated that he feared he would suffer an overdose without his medication, there is no indication that he did. Rather, the only harm he alleges is that he did not sleep well, consistent with withdrawal symptoms. This is not a compensable injury.

*See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (concluding that Plaintiff's Eighth Amendment deliberate indifference claim related to his insincere suicide attempt that resulted in minor scratches "fail[ed] on the basic proposition that he has sued for damages under § 1983 and alleged a constitutional tort . . . without then developing evidence of a recoverable injury.").

Finally, any claim for injunctive relief is **dismissed** because Mr. Branagin is no longer housed at the Putnam County Jail. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.").

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

## IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart,* 722 F.3d 1014 (7th Cir. 2013).

Mr. Branagin shall have **through October 16, 2026, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he must use if he files an amended complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, 2:26-cv-00236-JPH-MG and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If Mr. Branagin files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 9/21/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVID SCOTT BRANAGIN
Y75595
Robinson Correctional Center
13423 East 1150th Avenue
Robinson, IL 62454